UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22318-BLOOM/Otazo-Reyes

LEONARD ALFRED MCFIELD SMITH,
*and* DANIELLE BARNETT,

    Plaintiffs,
v.

NORTH MIAMI POLICE DEPARTMENT,
CITY OF NORTH MIAMI, ALPINE
TOWING, *and* MAJOR KESSELER
BROOKS BADGE 562,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiffs Leonard Alfred McField Smith ("Smith") and Danielle Barnett's ("Barnett") (collectively, "Plaintiffs") Motion for Leave to Proceed in this action *in forma pauperis*, ECF No. [3] (the "IFP Motion"), filed on June 21, 2023 and docketed the next day.[1] The Court has carefully considered the IFP Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's IFP Motion is granted.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976);[2] *see also* 28 U.S.C. § 1915(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364

---

[1] Plaintiffs filed a Complaint with proposed summonses that are missing Defendants' addresses. *See* ECF No. [1-2]. In addition, the Court observes that the filer of the Complaint, Smith, is "homeless" and does not have an address that is noted on the documents submitted to the court.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Plaintiff's IFP Motion represents the following. Smith is "homeless," has earned no income in the past twelve (12) months, and he is unemployed. ECF No. [3] at 2, 5. Smith's checking and savings accounts carry a negative balance. *Id.* Smith owns a vehicle, a 2008 Saturn Vue, valued at $1,000.00. *Id.* at 3. Smith's estimated average monthly expenses for himself and Barnett equals $520.00. *See id.* at 4. Barnette is also "homeless" but earned an average monthly income of "$0-2000," in the past 12 months. *Id.* at 6, 9. Barnett has $2.00 on hand and carries a negative balance on her checking account. *Id.* at 7. Barnett owns a vehicle, a 2008 Saturn Vue, valued at $1,000.00. *Id.* at 8. Barnett is owed a total of $950 from CVS and Eden ROC. *Id.* at 8. Barnette's average monthly expenses total $520. *Id.* at 9. Because the Motion is filed *pro se*, the Court construes it liberally and concludes that Plaintiffs are referring to the same 2008 Saturn Vue and together have $520 in average monthly expenses. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 (11th Cir.

Case No. 23-cv-22318-BLOOM/Otazo-Reyes

2017) ("A document filed *pro se* is to be liberally construed"). For that same reason, because Barnett represents that her monthly average income is "$0-2000," the court construes that as meaning Barnett has earned an average of $1,000.00 per month in the past twelve months. As such, Plaintiffs' income does not exceed the poverty guideline. *See* 88 Fed. Reg. 3424 (Jan. 19, 2023) (setting $19,720.00 as the relevant poverty guideline). Furthermore, the IFP Motion reflects no guaranteed monthly income going forward.

For these reasons, the Court finds that Plaintiffs are unable to pay the required filing fees as required for indigent status under section 1915. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiffs' IFP Motion, **ECF No. [3]**, is **GRANTED**. Plaintiffs are **DIRECTED** to refile with the Clerk of Court the summonses in this action to include the Defendants' names and addresses.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 23, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record